COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT
Docket No. 07-10070

COMMONWEALTH

vs.

BRIAN LEE

MEMORANDUM AND ORDER ON
DEFENDANT'S SUPPLEMENTAL MOTION FOR A NEW TRIAL

Defendant Brian Lee[1] was indicted for the murder of his father. He represented himself at trial and was convicted of murder in the first degree. On appeal, the sole issue defendant raised in the Supreme Judicial Court involved the seating of an allegedly biased juror, juror no. 226. The only evidence of juror bias was an answer to a single question in the transcript of the questioning of the juror by the Court (Cratsley, J.). With the appeal pivoting on the accuracy of the transcript, "[a]fter hearing oral argument" the SJC acquired the audio recording of the relevant portion of juror questioning. Commonwealth v. Lee, 479 Mass. 558, 560 (2018). Upon finding that the audio recording confirmed error in the transcript and contained no evidence of juror bias, the court affirmed defendant's conviction. Id. at 560-561. The court also stated that "[u]pon release of this opinion, we will ensure that the defendant will have access to all recordings of the trial." Id. at 560 n.5.

Before me now is Defendant's Pro Se Supplemental Motion for a New Trial (Docket #151) ("Defendant's Motion"). Defendant argues that the SJC was wrong in its rendition of the question and answer on the audio recording, and that he was deprived of effective assistance of

[1] Defendant spells his last name "Lees." For consistency, I spell his last name in this memorandum as it appears on the docket.

counsel on appeal because the SJC considered the audio recording without hearing from his appellate counsel on the matter. Defendant specifically asserts in his motion that the statement the SJC attributed to the audio recording "is not on the audio cassette tape record of the trial judge's colloquy with juror no. 226." Defendant's Motion at 5. See also Affidavit of Brian Lees ¶ 10 (Apr. 3, 2020) ("The audio cassette tapes of the trial court proceeding do not support the S.J.C.'s finding of different facts that juror no. 226 is impartial."). Despite his sworn assertion that the SJC was wrong, defendant made clear in hearings before me that he had not been able to obtain or listen to the relevant recording of the colloquy with juror no. 226.

After multiple hearings and the assistance of two different prosecutors, the District Attorney's Office has now obtained a copy of the relevant recordings that were preserved by the SJC and provided a copy to this court and to defendant. See Commonwealth's Notice of Post-Conviction Discovery (Docket #162). I have listened to the recording and confirmed that it contains the portion of the colloquy with juror no. 226 quoted in the SJC's decision. Lee, 479 Mass. at 560. The SJC's quotation is accurate. There is no merit to defendant's argument that juror no. 226's answer to the trial court's inquiry showed doubts by juror no. 226 about whether he could be a fair and impartial juror in the case.

As for defendant's alternative argument that he was deprived of the assistance of appellate counsel, he fails to explain what his counsel could have done differently in light of the unambiguous audio recording. Defendant has not meaningfully offered any other argument that his counsel could have advanced related to juror no. 226's impartiality, or any other potentially meritorious issue that his counsel could have advanced on appeal.

At argument today, defendant also challenged the SJC's failure to rely on a certified recording, failure to formally correct the record, and failure to give him the opportunity to be

heard on the correction of the record. In effect, the SJC *sua sponte* corrected the record based on its review of the audio recording of the impanelment colloquy with juror no. 226. While infrequent, it was within the SJC's power to do so. See Mass. R. App. P. 8(e)(2) ("[O]n its own motion, the appellate court . . . may direct that any part of the record be corrected."). Defendant fails to demonstrate any prejudice he suffered as a result of the alleged failings.

Defendant's motion for a new trial must be denied because there is no basis to conclude that "justice may not have been done" in this case. Mass. R. Crim. P. 30(b); Commonwealth v. Henry, 88 Mass. App. Ct. 446, 451 (2015).

**ORDER**

Defendant's Pro Se Supplemental Motion for a New Trial (Docket #151) is **DENIED**.

Dated: May 21, 2021

Peter B. Krupp
Justice of the Superior Court